COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

| | § | |
|---|---|---|
| CITY OF EL PASO, TEXAS, | | No. 08-08-00244-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 34th District Court |
| | § | |
| PATRICIA BUSTILLOS and | | of El Paso County, Texas |
| MARCELINA CAMPOS, | § | |
| | | (TC# 2007-4560) |
| Appellees. | § | |
| | § | |

**O P I N I O N**

This is an appeal from the denial of a plea to the jurisdiction by the City of El Paso ("the City") in a suit for declaratory relief, alleging violations of the Plaintiffs' due process and equal protection rights. On appeal, the City raises one issue arguing the trial court erred in denying the plea to the jurisdiction of Appellees' declaratory judgment actions since it seeks monetary relief against a governmental entity that has immunity under the Texas Torts Claim Act. We affirm.

Patricia Bustillos and Marcelina Campos were residents of the Mowad subdivision in El Paso, TX. On August 1, 2006, they had to evacuate their residences due to severe flooding. They stayed at the Canutillo Elementary School, where temporary living quarters were provided. On September 1, 2006, a notice of temporary non-habitability and a danger sign were placed outside each of the homes in the Mowad subdivision. On September 14, 2006, the City of El Paso held a community meeting at which it announced plans to buyout the neighborhood. As part of the buyout, the City granted relocation assistance to displaced tenants if they were able to

prove a tenant/landlord relationship in Mowad and an increase in rent from what they had been paying at Mowad. The relocations assistance was a lump sum payment of $5,250. Bustillos and Campos had oral leases and both had an increase in rent after leaving Mowad. Bustillos and Campos were not aware of their eligibility for relocation assistance until a former neighbor from the Mowad subdivision informed them about it in April of 2007.

On April 24, 2007, Plaintiffs made a request for tenant relocation assistance and submitted supporting documents to the City's consultant, Jeff Ward, and the realtor assisting the City, Cindy Evans. On May 3, 2007, they were advised that the requests should be made to Larry Nichols, or the City Attorney's office. On May 8, 2007, Plaintiffs submitted their request to the city attorney's office through counsel, and on May 15, 2007, counsel was informed that no assistance would be granted due to inadequate proof, the owners of the rental homes had claimed the property as their homestead, and it was too late to make a claim from the flood. Counsel was told that a written decision would be issued, but Plaintiffs allege no such decision was received. Plaintiffs state that numerous attempts to receive a written response from the City or to determine the City's reason for refusal to resolve the pending applications have been unsuccessful.

Plaintiffs filed suit alleging due process and equal protections violations. In Plaintiffs' original petition, the following relief was requested:

1.   A declaration that the City of El Paso is in violation of Plaintiffs' rights to due process by failing to comply with its own policies and the Uniform Relocation Assistance Act in administering its tenant relocation assistance.

2.   A declaration that the City of El Paso is in violation of Plaintiffs' rights to equal protection of the law by treating Plaintiffs differently from other Mowad displaced tenants in denying them tenant relocation assistance.

3.   A declaration that the City of El Paso should implement procedures in

conformity with constitutional due process requirements and to make its tenant relocation assistance program equally accessible to all those displaced by the City's acquisition actions.

4. Payment to each Plaintiff in the amount of $5,250.00 and for any other expenses resulting from the Defendants' unlawful conduct.

5. Costs of suit.

6. Reasonable attorneys fees requested only by Plaintiff Marcelina Campos.

7. Pre-judgment and post-judgment interest as provided by law.

The City filed a plea to the jurisdiction and original answer in response. The City argued that there was no subject-matter jurisdiction since Plaintiffs were seeking money damages, and did not have legislative consent to bring suit.

In Plaintiffs' first amended petition, the following relief was requested:

1. A declaration that the City of El Paso is in violation of Plaintiffs' right to due process by refusing or delaying Plaintiffs' application for relocation assistance, thereby failing to comply with its own policies and the Uniform Relocation Assistance Act for the administration of tenant relocation assistance for those displaced by the City's acquisition actions.

2. A declaration that the City of El Paso should implement procedures in conformity with constitutional due process requirements for all those displaced by the City's acquisition actions.

3. A declaration that the City of El Paso is in violation of Plaintiffs' right to equal protection of the law by refusing or delaying Plaintiffs' application for relocation assistance, thereby treating Plaintiffs differently from other Mowad displace tenants.

4. A declaration that the City of El Paso should make its tenant relocation assistance program's application process equally accessible to all those displaced by the City's acquisition actions.

5. A declaration that in order for the City of El Paso to administer relocation assistance funds in a fair, consistent and constitutionally correct manner, the City should adopt and implement the procedures outlined in the federal

-3-

Uniform Relocation Act (URA), including but not limited to: notice, written application procedures, standards for making determinations, issuing written decisions in an expeditious manner, and procedures for appealing determinations, consistent with the City's policies.

6.  A declaration that in conformity with the City's policy in administering relocation assistance to other Mowad tenants and with the federal Uniform Relocation Act's statutory mandate for expeditious review of claims, the City should give Plaintiffs a written decision on their applications and written notice of their rights to appeal, within 7 days from the date of this court's order.

7.  Costs of suit.

8.  Reasonable and necessary attorneys fees, requested only by Plaintiff Marcelina Campos

9.  Pre-judgment and post-judgment interest as provided by law.

10. Such other relief to which Plaintiffs may be justly and legally entitled, including but not limited to damages within the jurisdictional limits of this court.

The City filed a plea to the jurisdiction and answer in response to the first amended petition. The City argued that the true remedy will seek cash payments to Plaintiffs as tenant relocation assistance in addition to costs of suit, attorney's fees, and pre-judgment and post-judgment interest. The City alleges the suit for declaratory relief is a "thinly-disguised attempt to conceal the real remedy sought: funds for Plaintiffs' relocation assistance." The City also argued that the declaration would be a mere advisory opinion, and the declaratory relief requested would not settle the dispute between the parties.

On June 12, 2008, a hearing was held on the plea to the jurisdiction. After the hearing, Plaintiffs filed their second amended petition. In the second amended petition, Plaintiffs requested the following relief:

1.    A declaration that the City of El Paso is in violation of Plaintiffs' right to due process by refusing or delaying Plaintiffs' application for relocation assistance, thereby failing to comply with its own policies and the Uniform Relocation Assistance Act for the administration of tenant relocation assistance for those displaced by the City's acquisition actions.

2.    A declaration that the City of El Paso should implement procedures in conformity with constitutional due process requirements for all those displaced by the City's acquisition actions.

3.    A declaration that the City of El Paso is in violation of Plaintiffs' right to equal protection of the law by refusing or delaying Plaintiffs' application for relocation assistance, thereby treating Plaintiffs differently from other Mowad displaced tenants.

4.    A declaration that the City of El Paso should make its tenant relocation assistance program's application process equally accessible to all those displaced by the City's acquisition actions.

5.    A declaration that in order for the City of El Paso to administer relocation assistance funds in a fair, consistent and constitutionally correct manner, the City should adopt and implement the procedures outlined in the federal Uniform Relocation Act (URA), including, but not limited to: notice, written application procedures, standards for making determinations, issuing written decisions in an expeditious manner, and procedures for appealing determinations, consistent with the City's policies.

6.    A declaration that in conformity with the City's policy in administering relocation assistance to other Mowad tenants and with the federal Uniform Relocation Act's statutory mandate for expeditious review of claims, the City should give Plaintiffs a written decision on their applications and written notice of their rights to appeal, within 7 days from the date of this court's order.

7.    Costs of suit.

8.    Reasonable and necessary attorneys fees, requested only by Plaintiff Marcelina Campos.

9.    Such other equitable relief to which Plaintiffs may be justly and legally entitled.

The trial court denied the City's plea to the jurisdiction.

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *City of El Paso v. Maddox*, 276 S.W.3d 66, 70 (Tex.App.--El Paso 2008, pet. denied), *citing Bland Indep. Sch. Dist. v. Blue*, 24 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject-matter jurisdiction is a question of law that is reviewed *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We consider the allegations in the petition and accept them as true. *City of Saginaw v. Carter*, 996 S.W.2d 1, 2-3 (Tex.App.-- Fort Worth 1999, pet. dism'd w.o.j.). The plaintiff's jurisdictional pleadings are to be construed liberally in the plaintiff's favor, and we look to the pleader's intent. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446. If a plaintiff pleads facts that affirmatively demonstrate absence of jurisdiction and the defect is incurable, then the case is properly dismissed. *Ackers v. City of Lubbock*, 253 S.W.3d 770, 774 (Tex.App.--Amarillo 2007, pet. denied). If the plaintiff's pleadings do not demonstrate the trial court's jurisdiction, but are not affirmatively incurable, the proper remedy is to allow the plaintiff an opportunity to amend the pleadings before dismissal. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). A court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555.

Sovereign immunity, encompassing both immunity from suit and immunity from liability, protects the state and its political subdivisions, including cities, from lawsuits for money damages. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Sovereign immunity bars a suit against the state or its political subdivisions unless immunity has been

waived or the legislature has expressly consented to the suit, which it may do by statute or resolution. *Id*. Immunity for political subdivisions of the state is referred to as governmental immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

A party generally can maintain a suit to determine its rights without legislative permission because such suits are not considered "suits against the State" for purposes of sovereign immunity. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). However, a suit against a sovereign for monetary damages is not transformed into a viable suit by the request for a declaratory judgment, and if the sole purpose of a declaration concerning contractual or statutory rights is to obtain a money judgment, immunity is not waived. *City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007). Sovereign immunity from suit cannot be circumvented by characterizing a suit for money damages as a declaratory judgment claim. *Id*. A plaintiff whose constitutional rights have been violated may sue the state for equitable relief. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144 &149 (Tex. 1995).

The City argues that Appellees' pleading for declaratory relief is a disguised attempt to seek monetary damages. Appellees argue that the action is to ensure that the City's relocation benefit program is administered consistent with the constitutional rights of any applicant who applies. We look at the live pleading before the court at the time of the plea to the jurisdiction. *See Nueces County v. Ferguson*, 97 S.W.3d 205, 219 (Tex.App.--Corpus Christi 2002, no pet.). In this case, it is Plaintiffs' Second Amended Petition for Declaratory Relief. While the pleading was filed after the hearing on the plea to the jurisdiction, the order denying the plea states it was denied after a review of Plaintiffs' and Defendant's pleadings, documents filed, and all other arguments on the pleadings. The second amended petition was filed six days before the order

denying the plea was filed. Once an amended pleading is filed, the previous pleading is no longer part of the proceedings, and as a result, we will look at the second amended petition in our review. TEX.R.CIV.P. 65.

In the petition, Appellees alleged that the City violated their due process and equal protection rights when the City failed to issue a written decision on Plaintiffs' application for relocation assistance and failed to provide Plaintiffs access to the application process as tenants displaced by a disaster as it provided to other Mowad residents under the Uniform Relocation Assistance Act. The City claimed it provided assistance to displaced tenants if they were able to prove a tenant/landlord relationship in Mowad and an increase in their new rent amounts over what was paid at Mowad. Plaintiffs believe all residents who applied for the assistance received it except for Plaintiffs themselves. Plaintiffs were informed by a city attorney that their applications were denied, and a written decision would be forthcoming. A written decision was never received. The petition states that by denying access to the relocation assistance without due process, the City violated its own policies, the Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA), and constitutional guarantees under the Texas Constitution Article I, § 3 and § 19. The petition states the City used the URA as a guideline for providing assistance. Plaintiffs alleged the City ignored the URA due process requirements by failing to inform them of the relocation payments for which they may be eligible, the criteria for eligibility, and the procedures of obtaining payments in the City's written notices to the Mowad residents. Plaintiffs also allege that the City's failure to provide a written decision, a notice of their right to an appeal, and an opportunity to present an appeal amounts to violations of Plaintiffs' constitutional rights to due process.

Appellees, Plaintiffs below, next allege in their petition that the City violated their rights to equal protection under the law by providing access to the tenant relocation assistance in a discriminatory manner. Plaintiffs allege there is no rational basis for treating them differently from other similarly situated. Appellees allege that they provided ample proof of their eligibility under the program, but had to submit additional proof not required of other residents.

In the petition, Plaintiffs requested the following declarations:

A.      The manner in which the City of El Paso administers relocation assistance to applicants is unfair, arbitrary, and inconsistent because it has no written application procedures, no standards for making determinations and no procedures for appealing determinations;

B.      The City's refusal or delay in processing the Plaintiffs' application for relocation assistance constitutes a violation of Plaintiffs' rights to due process;

C.      The City's refusal or delay in processing the Plaintiffs' application for relocation assistance constitutes a violation of Plaintiffs' right to equal protection; and

D.      In order for the City of El Paso to administer relocation funds in a fair, consistent and constitutionally correct manner, the City should adopt and implement the procedures outlined in the federal Uniform Relocation Act (URA), consistent with the City's policies.

We do not agree with the City's argument that this suit is a disguised claim for monetary relief. While the original petition and first amended petition may have requested money damages, Plaintiffs' second amended petition removed the requests for monetary relief. Appellees seek only a declaration that their rights were violated, and an opportunity to have their applications reviewed in the same manner as the others. While review of the application may result in a monetary payment of relocation assistance, suits requiring compliance with statutory or constitutional provisions are not prohibited by immunity even if the compliance involves the

-9-

payment of money. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009). Plaintiffs properly pled a violation of their constitutional rights, and as such the suit is not barred by governmental immunity. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980); *City of Beaumont*, 896 S.W.2d at 149.

The City also argues that relief is not proper under the Declaratory Judgment Act. The City argues there is no standing because Appellees are not suing to determine their rights under a deed, will, contract, or other writing constituting a contract or suing pursuant to a statute, municipal ordinance, contract, or franchise. However, the Declaratory Judgment Act may be used to clarify constitutional imperatives. *Democracy Coalition v. City of Austin*, 141 S.W.3d 282, 296 (Tex.App.--Austin 2004, no pet.). A declaratory judgment will declare the rights, duties, or status of the parties only in an otherwise justiciable controversy. *Id*. at 297. The justiciable controversy presented is whether the City violated Appellees rights under the state constitution. *Id*. Issue One is overruled.

Having overruled the City's sole issue, we affirm the order of the trial court.


May 19, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-10-