COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

THE CITY OF EL PASO,                                          No. 08-12-00264-CV

§

        Appellant,                                          Appeal from

§

v.                                                          County Court at Law No. 3

§

JOHN FOX,                                                    of El Paso County, Texas

§

        Appellee.                                          (TC # 2009-5570)

§

## **O P I N I O N**

The City of El Paso appeals from an order denying its plea to the jurisdiction. We reverse and render judgment dismissing John Fox's suit against the City.

### **FACTUAL SUMMARY**

In 2009, Horace Perkins, Jr. filed suit against the City alleging that in 2005 he acquired an undivided portion of an apartment complex co-owned by John Fox and the City's order requiring removal of the electric meters on the property violated his rights to due process and equal protection. He sought injunctive relief and also asserted claims for inverse condemnation and breach of conduct. The City filed an answer and a plea to the jurisdiction. Fox filed a petition in intervention asserting that he is the principal owner of the apartment complex. He sought monetary damages for inverse condemnation arising from the City's order for removal of the electric meters on the property. Perkins died while the suit was pending.

The City filed a motion to declare Fox a vexatious litigant, or alternatively, to strike the petition in intervention.[1]  At the hearing on the motion, Fox represented to the court that he intended to hire counsel.  The trial court entered an order requiring Fox to hire counsel within 30 days or the court would enter an order declaring Fox to be a vexatious litigant.  An attorney made an entry of appearance on Fox's behalf in accordance with the order.  Fox subsequently filed an amended petition alleging that the City's removal of the electric meters had resulted in an extrajudicial *de facto* condemnation of the property which had continued since 2001.  The amended petition dropped the request for monetary damages and instead sought a declaration that the condemnation of the property constituted a deprivation of his right to due process.  Additionally, Fox sought a declaration that the City could not condemn his property without notice or a hearing.  The City responded by filing an amended motion to strike the plea in intervention, and in the alternative, an answer and plea to the jurisdiction.  Following a hearing, the trial court entered an order denying the City's plea to the jurisdiction.

## PLEA TO THE JURISDICTION

In two related issues, the City challenges the trial court's order denying the plea to the jurisdiction.

### *Standard of Review and Relevant Law*

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the action.  *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The burden is on the plaintiff to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction.  *Texas Department of Criminal Justice v. Miller*, 51 S.W.3d 583, 587

---

[1]  Over the last ten years and counting this case, Fox has filed fourteen suits against the City and various city officials related to the City's condemnation of Fox's property.

(Tex. 2001); *City of El Paso v. Mazie's, L.P.*, 408 S.W.3d 13, 18 (Tex.App.--El Paso 2012, pet. denied). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law which is subject to *de novo* review. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Mazie's*, 408 S.W.3d at 18. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law subject to *de novo* review. *Miranda*, 133 S.W.3d at 226.

When a plea to the jurisdiction challenges the pleadings, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend its pleading. *Miranda*, 133 S.W.3d at 226-27.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the appellate court considers relevant evidence on that issue even where those facts may implicate the merits of the cause of action. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009); *Miranda*, 133 S.W.3d at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Miranda*, 133 S.W.3d at 228. Under this standard, when reviewing a plea in which the pleading requirement has been met, we credit as true all evidence favoring the non-movant and draw all reasonable inferences and resolve any doubts in the non-movant's favor. *Id*. The movant must assert the absence of subject-matter jurisdiction and present conclusive proof that the trial court lacks subject-matter jurisdiction. *Id*. If the movant discharges this burden, the non-movant must

present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder. *Id.* at 227-28. The trial court rules on the plea to the jurisdiction as a matter of law if the relevant jurisdictional evidence is undisputed or it fails to raise a fact question on the jurisdictional issue. *Id.* at 228.

Sovereign immunity protects the State from lawsuits for money damages. *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). It also deprives a trial court of subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 224. Political subdivisions of the state, including cities, are entitled to such immunity--referred to as governmental immunity--unless it has been waived. *Reata*, 197 S.W.3d at 374; *City of El Paso v. High Ridge Construction, Inc.*, --- S.W.3d ---, 2014 WL 3765932 (Tex.App.--El Paso 2014, no pet. h.).

*Failure to Plead Valid Waiver of Governmental Immunity*

In Issue One, the City alleges that Fox failed to plead sufficient facts to show that the City's immunity from suit has been waived. Fox's amended petition seeks a declaratory judgment that the removal of the electric meters from the property constituted a *de facto* condemnation of the property and deprived Fox of his right to due process. Additionally, Fox sought a declaration that the City could not condemn his property without notice or a hearing. The City asserts that Fox's declaratory judgment claim is simply a recasting of his inverse condemnation claim which sought monetary damages.

- 4 -

A party generally can maintain a suit to determine its rights without legislative permission because such suits are not considered a suit against the state for purposes of sovereign immunity. *City of El Paso v. Bustillos*, 324 S.W.3d 200, 205 (Tex.App.--El Paso 2010, no pet.), *citing Texas Natural Resources Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Similarly, a plaintiff whose constitutional rights have been violated may sue the state for equitable relief. *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007); *Bustillos*, 324 S.W.3d at 205, *citing City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144 & 149 (Tex. 1995). On the other hand, sovereign immunity from suit cannot be circumvented by characterizing a suit for money damages as a declaratory judgment claim. *Bustillos*, 324 S.W.3d at 205. A suit against a sovereign for money damages is not transformed into a viable suit by the request for a declaratory judgment. *Bustillos*, 324 S.W.3d at 205. If the sole purpose of a declaration concerning contractual or statutory rights is to obtain a money judgment, immunity is not waived. *Id.*

We do not agree with the City that Fox is attempting to circumvent sovereign immunity by disguising a claim for money damages as a declaratory judgment claim. Fox's original petition in intervention included a claim for money damages but his first amended petition is restricted to requesting only declaratory and injunctive relief related to his assertion that the City violated his right to due process. *See Bustillos*, 324 S.W.3d at 207 (rejecting city's argument that the declaratory judgment action is a disguised claim for monetary relief where record showed that plaintiffs had amended their pleadings to drop request for money damages). Issue One is overruled.

*Section 214.0012 of the Texas Local Government Code*

In its second issue, the City contends that the trial court does not have subject matter jurisdiction of Fox's declaratory judgment action because he failed to timely appeal the condemnation order issued by the El Paso City Council in 2003. In its plea to the jurisdiction, the City asserted that the removal of the electric meters from Fox's property was part of the lawful condemnation of the property by the City on August 12, 2003. The City maintained that Fox had failed to comply with Section 214.0012 of the Local Government Code by timely filing a verified petition specifying the grounds of the illegality and requesting issuance of a writ of certiorari from a state court.

Section 214.0012 of the Texas Local Government Code provides the following, in pertinent part: "Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." TEX.LOC.GOV'T CODE ANN. § 214.0012(a)(West 2008). The petition must be filed within 30 calendar days after a copy of the final decision of the municipality is personally delivered, mailed by first class mail, or delivered by the U.S. Postal Service using signature confirmation service to the owner, lienholder, or mortgagee of record. *Id.* Filing of the petition for writ of certiorari is a prerequisite to invoking the trial court's subject-matter jurisdiction over the appellate proceeding. *Fox v. Wardy*, 318 S.W.3d 449, 453 (Tex.App.--El Paso 2010, pet. denied).

Fox has not filed a brief on appeal, but he asserted in the trial court that he is not attacking the condemnation order entered by the City Council in 2003. Fox maintains that he is "requesting that the City be required to provide due process to him to facilitate his rehabilitation

of the condemned property . . . ." Fox's pleadings allege that the City caused the electric meters to be removed from his property and the City "purported to condemn the property for various alleged deficiencies" but he has never received notice of those deficiencies. Although Fox claims he is not challenging the condemnation order, his pleadings are to the contrary.

The City did not attach to its plea to the jurisdiction a copy of the resolution entered by City Council on August 12, 2003. The City instead relied on our decision in *Fox v. Wardy* which held that Fox had failed to comply with the requirements of Section 214.0012. *See Fox*, 318 S.W.3d at 453. An appellate court may judicially notice an adjudicative fact not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX.R.EVID. 201(b). The facts described by Rule 201(b)(1) are known as "notorious facts" and the facts described by Rule 201(b)(2) are known as "verifiably certain facts." *Tranter v. Duemling*, 129 S.W.3d 257, 262 (Tex.App.--El Paso 2004, no pet.), *quoting Cathy Cochran, Texas Rules of Evidence Handbook* 138-41 (5th ed. 2003). The minutes from the August 12, 2003 meeting of City Council are available on the City of El Paso's website. We take judicial notice of the minutes *sua sponte*. *See Lazarides v. Farris*, 367 S.W.3d 788, 799 (Tex.App.--Houston [14th Dist.] 2012, no pet.)(taking judicial notice that the minutes were available on the city's website); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex.App.--Houston [14th Dist.] 1991, no writ)(acknowledging that a court may take judicial notice of matters of public record, whether requested by a party or on its own motion, for the first time on appeal).

The minutes reflect that the owner of the property, John J. Fox, appeared before the City Council on August 12, 2003 and the City Council entered a resolution finding that the structures

located on Fox's property are unsafe, substandard, unfit for human habitation or use, and therefore a hazard to the public health, safety, and welfare; the structures are not in substantial compliance with municipal ordinances regulating fire protection, structural integrity, and disposal of refuse; and the structures could be repaired. The resolution ordered Fox to comply with several requirements, including that the buildings be vacated until reconstructed to meet current codes within 30 days and the premises be cleaned of all weeds, trash, and debris within 30 days. The resolution also scheduled a public hearing on October 7, 2003 to determine if Fox had complied with these requirements.

By his declaratory judgment action, Fox effectively seeks judicial review of the City's order in that he complains his right to due process was violated because he was not given notice of the deficiencies and not afforded a hearing. This is the type of review contemplated by Section 214.0012. As we observed in a previous appeal, Fox did not file a verified petition for writ of certiorari within thirty days after the City entered the resolution on August 12, 2003. *See Fox*, 318 S.W.3d at 453. Consequently, he did not invoke the trial court's jurisdiction to review the condemnation order. Issue Two is sustained. We reverse the trial court's order and render judgment granting the City's plea to the jurisdiction and dismissing Fox's suit against the City.

October 8, 2014

                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)