ACCEPTED
13-15-00498-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/27/2016 11:29:55 PM
Dorian E. Ramirez
CLERK

## NO. 13-15-00498-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/27/2016 11:29:55 PM
DORIAN E. RAMIREZ
Clerk

## IN THE 13TH COURT OF APPEALS

## SITTING IN CORPUS CHRISTI-EDINBURG, TEXAS

## OSVALDO GARCIA

### Appellant

### v.

## THOMAS TESTER

### Appellee

## ON APPEAL FROM 357TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## REPLY BRIEF OF APPELLANT OSVALDO GARCIA

Ryan M. Marquez
State Bar No. 24064321
LAW OFFICE OF RYAN MARQUEZ
6250 Westpark Dr., Suite 202
Houston, Texas 77057
Tel: (713) 239–5872
Fax: (713) 583–9236
Ryan.M.Marquez@gmail.com

Francisco Fernandez
State Bar No. 24071812
1314 Texas St., Suite 908
Houston, Texas 77002
Tel: (713) 249–5507
Fax: (281) 664–6423
ambrosiolawfirm@gmail.com

ATTORNEYS FOR APPELLANT

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................i

INDEX OF AUTHORITIES.....................................................................................iii

I. ISSUES WITH APPELLEE'S STATEMENT OF FACTS...................................1

III. ARGUMENT .........................................................................................................1

    A.   There is simply no proof in the record of compliance with Texas Rule of Civil Procedure 103 regarding the service of process, the only purported order authorizing service is not part of the appellate record, and even if the order was part of the record, it would not suffice under Rule 103. .....................................1

    1.   Tester's argument the Appellant's interpretation of Rule 103 would substantially increase the burden on trial courts and/or sheriffs and constables is without merit. ..........................................................................................................2

    2.   The Rogerio Lopez's (Lopez), the process server, statement is not clear as Tester contends and is inadequate to establish strict compliance with the service requirements. ..................................................................................................3

    3.   The order authorizing service is not part of the appellate record, and even if it was part of the appellate record, it would still fail to established strict compliance with the service requirements. ......................................................4

    B.   Tester failed to put Garcia on fair notice that he could be responsible for a judgment against him based on the labeling of another Defendant to "Anarchy" and by specifically saying that the other Defendants were responsible for Garcia's action but not saying that Garcia was responsible for the other Defendants..............................................................................................................6

III. PRAYER ................................................................................................................8

IV. SIGNATURE OF COUNSEL ...............................................................................8

V. CERTIFICATE OF COMPLIANCE ......................................................................8

VI. CERTIFICATE OF SERVICE ..............................................................................8

VII. APPENDICES ....................................................................................................10

i

Appendix A:   Tex. R. App. P. 34.1 .................................................................11

Appendix B:    Tex. Gov't Code § 152.151 .....................................................12

Appendix C:    Tex. Gov't Code 74.041 ..........................................................14

Appendix D:   Tex. Gov't Code 24.001 ...........................................................16

# INDEX OF AUTHORITIES

**Cases**

*City of El Paso v. Fox*, 458 S.W.3d 66 (Tex. App.—El Paso 2014, no pet.). ...........3

*Eguia v. Eguia*, 367 S.W.3d 455 (Tex. App.—Corpus Christi-Edinburg 2012, no pet.). ...............................................................................................................4

*Monsanto Co. v. Milam*, 494 S.W.2d 534 (Tex. 1973)............................................7

*Office of Util. Counsel v. Pub. Util. Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex. 1994). .....................................................................................................3

*Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836 (Tex. 1967) ......................7

*Robb v. Horizon Comtys. Improvement Ass'n*, 417 S.W.3d 585 (Tex. App.—El Paso 2013, no pet.). ..........................................................................................5

*Warriner v. Warriner*, 394 S.W.3d 240 (Tex. App.—El Paso 2012, no pet.)...........5

**Statutes and Rules**

Tex R. App. P. 34.1...............................................................................................1, 5

Tex. Gov't Code § 152.151(5).................................................................................3

Tex. Gov't Code § 74.041(2) ...................................................................................1

Tex. Gov't Code §24.001 .........................................................................................1

Tex. R. Civ. P. 103...............................................................................................2, 4

**TO THE HONORABLE COURT OF APPEALS:**

## I. ISSUES WITH APPELLEE'S STATEMENT OF FACTS

Appellee Thomas Tester (Tester) makes a statement in his statement of facts section of his brief that Rogerio G. Lopez (Lopez) was authorized to serve process *via* a standing order from the Presiding Judge in Cameron County, Texas (Appellee's Br. at 1-3, 5). However, such order was not part of the trial court record nor part of the appellate record and is therefore not properly before the Court. *See* Tex R. App. P. 34.1. Furthermore, Tester indicates that the order was signed the Presiding Judge in Cameron County. Instead, as is evident by the Petition and Order signed was by the Judge Presiding of the 138th District Court. This case is appealed out of the 357th District Court of Cameron County not the 138th District Court.[1]

## II. ARGUMENT

**A.    There is simply no proof in the record of compliance with Texas Rule of Civil Procedure 103 regarding the service of process, the only purported order authorizing service is not part of the appellate record, and even if the order was part of the record, it would not suffice under Rule 103.**

Tester falls to establish compliance with Rule 103 in service of process, and even if, for *arguendo*, the order were considered as part of the appellate record, it would still fail to establish strict compliance with the rules for service of citation.

---

[1]    Garcia bring this to the Courts attention as to distinguish between a judge presiding over a District Court under the Tex. Gov't Code §24.001 and a Presiding Judge as defined by Tex. Gov't Code § 74.041(2).

1

**1.     Tester's argument the Appellant's interpretation of Rule 103 would substantially increase the burden on trial courts and/or sheriffs and constables is without merit.**

Testers wrongly claims that Garcia's interpretation of Rule 103 is that the trial court must issue an order when "service is conducted by an authorized person other than the sheriff." That was never the statement of Garcia. An order is required when the person is not (1) a sheriff, (2) a constable, or (3) other person authorized by law, or (4) any person certified under order of the Supreme Court. Tex. R. Civ. P. 103. However, if the person does not fit one of these four categories, then by default, such person must be authorized by written order of **the court**. *See.* Tex. R. Civ. P. 103. However, the trial court issuing the order in not required to, as Tester contends is Garica's position, to have an *ex parte* hearing. Tex. R. Civ. P. 103 ("The order authorizing a person to serve process **may** be made without written motion and no fee may be imposed for issuance of such order"). Therefore, it would be up to the discretion of the judge of what to require prior to issuance of the order and whether to conduct a hearing or simply sign orders.

Tester also misconstrues Garcia's position as requiring persons, who meet the Texas Supreme Court's requirements to effectuate service, to have an *ex parte* hearing and order. The people that the trial court authorizes by written order are notably different than those authorized by order of the Supreme Court. Those authorized by the Supreme Court must meet certain qualifications as listed on the

Judicial Branch Certification Commission's (JBCC) website.[2]  The JBCC is responsible for administering the certification requirements for process servers after consulting with other advisory boards.  Tex. Gov't Code § 152.151(5).  The requirements set by the JBCC to become a certified process server include: (1) completing a civil process server educational course, (2) completing an application, (3) paying the certification fee, and (4) passing a criminal background check with DPS and the FBI.  Furthermore, there are over 3400 process servers licensed by the Supreme Court, and therefore, Tester's contention that there is undue pressure on the sheriff office is likewise without merit.[3]

**2.     The Rogerio Lopez's (Lopez), the process server, statement is not clear as Tester contends and is inadequate to establish strict compliance with the service requirements.**

Tester incorrectly contends in his response to issue one that "the record clearly contains an affidavit of service reciting and referencing the process server's standing order from the Presiding District Court Judge in Cameron County (Appellee's Br. at 5)."  The only line that Tester could be referring to states "*I am authorized by written*

---

[2] Garcia requests that the court take judicial notice of the website and the requirements for certification of process servers located at http://www.txcourts.gov/jbcc/process-server-certification/initial-certification.aspx.  A court of appeals has the power to take judicial notice for the first time on appeal.  *Office of Util. Counsel v. Pub. Util. Comm'n of Texas*, 878 S.W.2d 598 (Tex. 1994).  This has held to include information on government websites such as the websites cited in this brief.  *See City of El Paso v. Fox*, 458 S.W.3d 66, 71-72 (Tex. App.—El Paso 2014, no pet.).

[3] Garcia asks the court to take judicial notice of the number of process servers taken from the JBCC's website and available at http://www.txcourts.gov/media/1358563/List-of-Certified-Process-Servers-04-15-16.xlsx.

*order of a court in this county to serve citations and other notices*" (I Suppl. at 6)(emphasis in the original). Nowhere does it state that a Presiding Judge of Cameron County or other district court have authorized Lopez to serve. It does not make any mention what kind of judge in Cameron County authorized him to execute service whether a county court at law, a district court, a municipal court, or a justice court. How Tester concluded that this language in the affidavit clearly contains any reference to this being an order from the Presiding District Court Judge eludes Garcia.

As stated in Appellant's Brief, the vague reference to some court in Cameron County authorizing Lopez to serve citations is not sufficient to establish compliance with Texas Rule of Civil Procedure 103 (Appellant's Br. at 7-8). *See* Tex. R. Civ. P. 103. Due to Tester's failure to establish strict compliance with the rules for service of citation, the default judgment must be overturned. *See Eguia v. Eguia*, 367 S.W.3d 455, 461 (Tex. App.—Corpus Christi-Edinburg 2012, no pet.).

**3.     The order authorizing service is not part of the appellate record, and even if it was part of the appellate record, it would still fail to established strict compliance with the service requirements.**

Tester includes, attached as Exhibit G to his brief, the purported standing order authorizing Lopez to serve citations. However, such order was not part of the trial court's record or the record on appeal. Furthermore, even if included in the record, it would still not demonstrate compliance with Rule 103.

4

Because the order attached Tester's brief as Exhibit G is not part of the official record, it cannot be considered by the Court. The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. *Robb v. Horizon Comtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). This has held to include documents attached as an appendix. *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.). Because the order is not part of the appellate record, the Court should not consider it when deciding the merits of this case. *See Robb*, 417 S.W.3d at 589.

Even if the order was considered, for purposes of *arguendo*, it still would not comply with Rule 103. The petition to serve process was filed in and order granted by the 138th District Court of Cameron County (Appellee's Br. at App. G). The current case is from the 357th District Court of Cameron County. For the reasons discussed in Appellant's brief (Appellant's Br. at 7-9), the actual trial court should have authorized service. In this instance, it should have been the 357th not the 138th who would have authorized service. Nothing contained in Tester's brief nor within Rule 103 state that a different trial court may authorize service for another. Such an interpretation would be contrary to a plain meaning interpretation of Rule 103. Because there is nothing demonstrating that the 357th District Court authorized

Lopez to serve, nothing in the face of the record establishes compliance with Texas Rule of Civil Procedure 103 thus requiring reversal of the default judgment.

**B.      Tester failed to put Garcia on fair notice that he could be responsible for a judgment against him based on the labeling of another Defendant to "Anarchy" and by specifically saying that the other Defendants were responsible for Garcia's action but not saying that Garcia was responsible for the other Defendants.**

Tester spends much time trying to establish that he has complied with the notice requirements regarding establishing a cause of action on which he can recover (Appellant's Br. at 6-7).  However, Garcia's main issue is that Tester failed to alleged facts sufficiently to apprise him that he could be liable for a judgment against him.

First, Tester fails to establish in his petition that Garcia was an owner or operator of the business.  In Tester's brief, he states that Garcia was registered and listed with the Secretary of State as an owner or operator of Anarchy Club.  However, there is nothing in the record that establishes this fact and therefore this contention is not properly before this Court.  Furthermore, Tester only lists Osvaldo Garcia as "an individual *who is alleged* to be a purchaser/co-owner of **Anarchy Club** (I C.R. at 17)."  There is a significant difference for someone who is alleged to be an owner and being an actual owner.  As stated in Garcia' brief (Appellant's Brief), the allegation regarding negligence are only made against SGBAK Inc. (SGBAK) due to the labeling issues.

6

Tester only establishes that SGBAK and Stephen Bejarano (Bejarano) may be liable for the acts of Garcia but fails to establish the converse of this namely that Garcia is responsible for the actions of SGBAK and Bejarano (I C.R. at 17). This is because a specific allegation controls over a general allegation. *Monsanto Co. v. Milam*, 494 S.W.2d 534, 536 (Tex. 1973). As stated in *Richardson v. First Nat'l Life Ins. Co.*:

> "The rule of law seems to be well settled in this state that if plaintiff *pleads generally a state of facts and goes further and plead specifically and particularly* on the same subject, *he cannot rely upon the general allegations*, but is confined in his recovery to those specifically and particularly pleaded. Specific allegations will control those of a general character."

419 S.W.2d 836, 839 (Tex. 1967) (emphasis in original) (citations omitted). Applying this rule of law to the current case, Tester made the general allegation that Garcia, SGBAK, and Bejarano were involved in a joint-enterprise. However, Tester made a specific allegation that SGBAK and Bejarano were responsible for the acts of Garcia thus limiting their recovery under the joint enterprise theory to SGBAK and Bejarano being responsible for the actions of Garcia but not vice versa. *See id.* Also, notably Tester alleges that Garcia had an agreement to purchase, but there is no allegation that he actually purchased the business (I C.R. at 16-22). Because nothing in the joint enterprise theory apprised Garcia that he could be responsible

7

for the actions of SGBAK or Bejarano, he was not given fair notice of the liability and damages against him, and therefore, the default judgment should be overturned.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Osvaldo Garcia prays that this Honorable Court reverse and remand the judgment to the trial court for a new trial on all issues.

## IV. SIGNATURE OF COUNSEL

Respectfully submitted,

/s/ Ryan Marquez
Ryan Marquez
State Bar No. 24064321
LAW OFFICE OF RYAN MARQUEZ
6250 Westpark Dr., Suite 202
Houston, Texas 77057
Tel: (713) 239–5872
Fax: (713) 583–9236

## V. CERTIFICATE OF COMPLIANCE

I, Ryan Marquez, certify that this document contains 3259 words.

/s/ Ryan Marquez

## VI. CERTIFICATE OF SERVICE

I, Ryan Marquez, certify that on the 27th day of April, 2016, I sent a true and correct copy of the foregoing Appellant's Reply Brief through the state's e-file system to Cary Toland.

/s/ Ryan Marquez
Ryan Marquez

# VII. APPENDICES

Appendix A:      Tex. R. App. P. 34.1

Appendix B:      Tex. Gov't Code § 152.151

Appendix C:      Tex. Gov't Code 74.041

Appendix D:      Tex. Gov't Code 24.001

# Appendix A:   Tex. R. App. P. 34.1

Vernon's Texas Rules Annotated
Texas Rules of Appellate Procedure
Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
Rule 34. Appellate Record (Refs & Annos)

TX Rules App.Proc., Rule 34.1

34.1. Contents

Currentness

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Even if more than one notice of appeal is filed, there should be only one appellate record in a case.

**Credits**

Eff. Sept. 1, 1997.

Rules App. Proc., Rule 34.1, TX R APP Rule 34.1
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through March 1, 2016. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through March 1, 2016. Other state court rules and selected county rules are current with rules verified through March 1, 2016.

# Appendix B: Tex. Gov't Code § 152.151

Vernon's Texas Statutes and Codes Annotated

Government Code (Refs & Annos)

Title 2. Judicial Branch (Refs & Annos)

Subtitle L. Court Professions Regulation (Refs & Annos)

Chapter 152. Judicial Branch Certification Commission

Subchapter D. Powers and Duties

V.T.C.A., Government Code § 152.151

§ 152.151. General Powers and Duties

Effective: September 1, 2014

Currentness

(a) The commission shall:

(1) administer and enforce this subtitle;

(2) in consultation with appropriate advisory boards, develop and recommend rules to the supreme court;

(3) in consultation with appropriate advisory boards, develop and recommend to the supreme court a code of ethics for each profession regulated under this subtitle;

(4) set fees in amounts reasonable and necessary to cover the costs of administering the programs or activities administered by the commission, including examinations and issuance and renewal of certifications, registrations, and licenses; and

(5) in consultation with appropriate advisory boards, establish qualifications for certification, registration, and licensing under this subtitle.

(b) The commission may:

(1) require applicants for certification, registration, or licensing under this subtitle to pass an examination that is developed and administered by the commission, or by the commission in conjunction with a person with whom the

12

commission contracts to develop and administer the examination, and charge fees for the examination;

(2) require regulated persons to obtain continuing education; and

(3) appoint necessary committees.

**Credits**

Added by Acts 2013, 83rd Leg., ch. 42 (S.B. 966), § 1.01, eff. Sept. 1, 2014.

V. T. C. A., Government Code § 152.151, TX GOVT § 152.151
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                                          © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix C:         Tex. Gov't Code 74.041

Vernon's Texas Statutes and Codes Annotated

Government Code (Refs & Annos)

Title 2. Judicial Branch (Refs & Annos)

Subtitle F. Court Administration

Chapter 74. Court Administration Act (Refs & Annos)

Subchapter C. Administrative Judicial Regions (Refs & Annos)

V.T.C.A., Government Code § 74.041

§ 74.041. Definitions

Effective: September 1, 2003

Currentness

In this chapter:

(1) "Administrative region" means an administrative judicial region created by Section 74.042.

(2) "Presiding judge" means the presiding judge of an administrative region.

(3) "Retiree" means a person who has retired under the Judicial Retirement System of Texas, the Judicial Retirement System of Texas Plan One, or the Judicial Retirement System of Texas Plan Two.

(4) "Active judge" means a person who is a current judicial officeholder.

(5) "Former judge" means a person who has served as an active judge in a district, statutory probate, statutory county, or appellate court, but who is not a retired judge.

(6) "Retired judge" means:

(A) a retiree; or

(B) a person who served as an active judge for at least 96 months in a statutory probate or statutory county court

14

and has retired under the Texas County and District Retirement System.

(7) "Senior judge" means a retiree who has elected to be a judicial officer under Section 75.001.

**Credits**

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985. Renumbered from V.T.C.A., Government Code § 74.001 and amended by Acts 1987, 70th Leg., ch. 148, § 2.93(a), eff. Sept. 1, 1987. Amended by Acts 1989, 71st Leg., ch. 646, § 6, eff. Aug. 28, 1989; Acts 2003, 78th Leg., ch. 315, § 9, eff. Sept. 1, 2003.

V. T. C. A., Government Code § 74.041, TX GOVT § 74.041
Current through the end of the 2015 Regular Session of the 84th Legislature

  © 2016 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix D:    Tex. Gov't Code 24.001

Vernon's Texas Statutes and Codes Annotated
  Government Code (Refs & Annos)
    Title 2. Judicial Branch (Refs & Annos)
      Subtitle A. Courts
        Chapter 24. District Courts
          Subchapter A. General Provisions

V.T.C.A., Government Code § 24.001

§ 24.001. Age Qualification of Judges

Currentness

A district judge must be at least 25 years old.

**Credits**

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

V. T. C. A., Government Code § 24.001, TX GOVT § 24.001
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.