

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00143-CV

THE CITY OF FORT WORTH                                    APPELLANT

V.

CECILIA JACOBS                                            APPELLEE

----------

## FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. INTRODUCTION AND BACKGROUND FACTS

This is an interlocutory appeal by Appellant the City of Fort Worth from the trial court's order that granted in part and denied in part the City's plea to the jurisdiction. Based on allegedly discriminatory and unconstitutional employment practices, Appellee Cecilia Jacobs filed suit against the City asserting, in addition to other claims not at issue here, violations of her rights under the Texas constitution to due process, equal protection, and free speech. Although the trial

court granted the City's plea to the jurisdiction to the extent that Jacobs sought money damages for the state constitutional violations, it denied the City's plea to the jurisdiction on Jacobs's state constitutional claims to the extent that Jacobs sought the remedy of reinstatement of employment for these alleged claims.[1] The sole issue raised by the City in this appeal is: "Does the trial court have jurisdiction to order reinstatement as an equitable remedy for alleged violations of the due-process, free-speech, and equal-protection clauses of the Texas Constitution?" For the reasons set forth below, we will affirm.

## II. NO IMMUNITY FROM SUITS SEEKING EQUITABLE REMEDIES FOR CONSTITUTIONAL VIOLATIONS; REINSTATEMENT IS AN EQUITABLE REMEDY

The Texas Supreme Court has explained that governmental entities do not possess immunity for violations of the Texas constitution because

> [t]he guarantees found in the Bill of Rights are excepted from the general powers of government; *the State has no power to commit acts contrary to the guarantees found in the Bill of Rights*. Tex. Const. art. 1, § 29. Section 29 has been interpreted as follows: any provision of the Bill of Rights is self-executing to the extent that anything done in violation of it is void. . . . Such a declaration [of voidness] is different from seeking compensation for damages, or compensation in money for a loss or injury. Thus, suits for equitable remedies for violation of constitutional rights are not prohibited. Section 29 does not support . . . a private right of action for damages . . . under the Texas [c]onstitution.

---

[1] The City's plea to the jurisdiction asserted that the trial court lacked jurisdiction because "money damages are not available for state constitutional violations; and the Texas Supreme Court has not authorized reinstatement as an equitable remedy for violations of the Texas Constitution."

*City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995) (emphasis added); *see also, e.g., City of Elsa v. M.A.L.*, 226 S.W.3d 390, 391–92 (Tex. 2007) (recognizing that governmental entities may be sued for injunctive relief under the Texas constitution); *City of Arlington v. Randall*, 301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied) (recognizing that governmental entities may be sued for equitable relief under the Texas constitution); *Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 469 (Tex. App.—Fort Worth 1997, writ denied) (op. on reh'g) (same); *Harris County v. Going*, 896 S.W.2d 305, 308–09 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (same). The City repeatedly acknowledges in its appellate briefing that it is not immune from suits asserting state constitutional violations when the remedy sought is equitable relief. But the City argues that reinstatement is not an equitable remedy and that, therefore, it possesses immunity from Jacobs's claims for violations of the state constitution because she seeks the allegedly nonequitable remedy of reinstatement.[2]

---

[2]Specifically, the City asserts,

> Jacobs is asking the trial court to impose an affirmative duty on the City—that is, to require the City to reinstate her employment. This Court has held, however, that a city is immune from a suit seeking imposition of an affirmative duty based on a past wrong, because such a remedy is a legal, not an equitable, remedy. *See City of Arlington v. Randall*, 301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied).

In *Randall*, the plaintiff sought injunctive relief in the form of a trial court order imposing a duty on the city to redeem his reputation. *Id*. We held in *Randall* that the City was immune from a claim for injunctive relief that in fact did not seek injunctive relief—that is, did not seek to halt wrongful acts threatened in the

3

Reinstatement is an equitable remedy per se. *See City of Seagoville v. Lytle*, 227 S.W.3d 401, 410, 414 (Tex. App.—Dallas 2007, no pet.) (recognizing that reinstatement is an equitable remedy per se and affirming denial of city's plea to the jurisdiction "with respect to the portion of Lytle's claims for declaratory, mandamus, and injunctive relief seeking . . . reinstatement"); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 174, 182 (Tex. App.—Texarkana 2000, no pet.) (remanding to trial court claim against city for violation of Texas constitution that sought reinstatement because it sought equitable relief); *see also Andrade v. City of San Antonio*, 143 F. Supp. 2d 699, 721 (W.D. Tex. 2001) ("Although the Texas Supreme Court held in *City of Beaumont v. Bouillion* that there is no implied right of action for monetary damages arising under the free speech provision of the Texas [c]onstitution, suits for equitable remedies (such as reinstatement) for constitutional right violations are not precluded."). Because reinstatement is an equitable remedy and because the City is not immune from suits asserting state constitutional violations when the remedy sought is equitable relief, the City is not immune from Jacobs's suit asserting state constitutional violations and seeking the remedy of reinstatement. *See City of Seagoville*, 227 S.W.3d at 410 ("We conclude the portion of Lytle's declaratory judgment action that seeks withdrawal of the disciplinary action and reinstatement to his original

future—but instead sought imposition of a duty based on a past alleged actionable wrong. *Id*. Here, we are not dealing with a request for injunctive relief in the form of a trial court order redeeming Jacobs's reputation; we are not dealing with injunctive relief at all. The relief requested here is for reinstatement.

position and pay grade does not seek an award of money damages and is not barred by governmental immunity."); *accord City of Elsa*, 226 S.W.3d at 391–92 (recognizing governmental entity is not immune from suit for violation of provisions of Texas constitution that seeks equitable remedy); *Bouillion*, 896 S.W.2d at 147–49 (same).

### III. WHETHER THE REMEDY OF REINSTATEMENT IS AVAILABLE FOR CONSTITUTIONAL VIOLATIONS DOES NOT ALTER THE STATUS OF THE CITY'S IMMUNITY

The City argues that "reinstatement exceeds the scope of an appropriate constitutional remedy" and that, therefore, "an order of reinstatement is not within the trial court's jurisdiction." The City points out that the Texas Supreme Court has never addressed whether the remedy of reinstatement is available for an alleged constitutional violation. *See City of Midland v. O'Bryant*, 18 S.W.3d 209, 218 (Tex. 2000) (explaining that "[w]hether reinstatement can be a remedy for violations of the Texas [c]onstitution is not before this Court, and accordingly, we express no view on that question"). The City urges us to "hold that reinstatement is not an appropriate constitutional remedy." The City's prayer concludes that its "immunity from suit has not been waived because Jacobs'[s] pleadings affirmatively demonstrate that she seeks a remedy that exceeds the trial court's jurisdiction."

But whether the specific equitable remedy of reinstatement—as opposed to other equitable remedies—exists for a constitutional violation does not change the fact that the City is not immune from suits seeking equitable relief for the

5

alleged violations of the Texas constitution.[3]  Certain provisions of the Texas constitution are self-enacting and thus provide the right to bring an action against a governmental entity for violations of those provisions without the need for legislative consent.  *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980).  As discussed above, the State has no power to commit acts contrary to the guarantees found in the Bill of Rights.  *Boullion*, 896 S.W.2d at 147–49.  Thus, these constitutional provisions authorize suits against governmental entities— that is, constitute a waiver of immunity—when such suits seek equitable relief from allegedly void, unconstitutional governmental action.  *Id*.  We have located no case law supporting the proposition that the City's immunity fluctuates depending on which equitable relief a plaintiff seeks in a claim alleging a violation of the state constitution, and we decline to so hold.

Likewise, the fact that the Texas Supreme Court has not decided whether the equitable remedy of reinstatement is or is not available for the state constitutional violations pleaded by Jacobs does not deprive the trial court of jurisdiction over her claims.  A Texas district court is a court of general jurisdiction; our constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or

---

[3]The City may possess other options for pursuing its assertion that the remedy of reinstatement is, as a matter of law, not available to Jacobs, such as special exceptions or a motion for summary judgment.

6

original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal or administrative body." Tex. Const. art. V, § 8. By statute, district courts have "the jurisdiction provided by Article V, Section 8, of the Texas Constitution" and "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code Ann. §§ 24.007–.008 (West 2004 & Supp. 2012); *see generally Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 74 (Tex. 2000). The district court here clearly possesses jurisdiction to sign an order or judgment requiring Jacobs's reinstatement. *Accord Texas A&M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 426 & n.6 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (op. on reh'g) (noting that trial court in fact ordered reinstatement as remedy for state constitutional violation although neither party complained that it was not a proper remedy). The issue of whether or not the trial court would err by ordering reinstatement as a remedy for a state constitutional violation is not before us. Faced with the City's ground alleged in its brief on appeal that the trial court lacks jurisdiction over Jacobs's claims, because "the [Texas] Supreme Court has not authorized reinstatement as a remedy for a constitutional violation," we hold only that the trial court possesses jurisdiction over Jacobs's claims for state constitutional violations that seek the equitable remedy of reinstatement.

## IV. CONCLUSION

Because reinstatement is an equitable remedy, because the City is not immune from suits alleging violations of the state constitution that seek an equitable remedy, because the trial court possesses jurisdiction over Jacobs's claims for state constitutional violations that seek the equitable remedy of reinstatement, and because these are the sole grounds raised by the City in its appeal, we overrule the City's issue on appeal. We affirm the trial court's order denying the City's plea to the jurisdiction on Jacobs's claims for state constitutional violations that seek the equitable remedy of reinstatement.

SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: September 13, 2012