

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00849-CV

**WEBB COUNTY, TEXAS**,
Appellant

v.

Ricardo "Rick" Manuel **ROMO**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVI001385D4
Honorable Joel B. Johnson, Judge Presiding[1]

Opinion by:   Sandee Bryan Marion, Chief Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Patricia O. Alvarez, Justice
              Beth Watkins, Justice

Delivered and Filed: August 26, 2020

AFFIRMED IN PART, REVERSED IN PART AND RENDERED

Appellant Webb County, Texas ("the County") appeals the trial court's partial denial of its plea to the jurisdiction and argues it has governmental immunity from all of appellee Ricardo "Rick" Manuel Romo's remaining pending claims. Because we conclude the County is not immune from Romo's request for the equitable remedy of reinstatement, we affirm the trial court's order in part as to that claim. Because we conclude the County is immune from Romo's

---

[1] The Honorable Joel B. Johnson, Senior Judge of the 156th District Court, presided by assignment.

constitutional claims for damages and contract claims, we reverse the trial court's order in part and render judgment of dismissal as to those claims.

## Background

Romo was employed by the County as chief investigator for the county attorney's office. Romo alleges that in fall 2017, he obtained permission from his boss, Webb County Attorney Marco Montemayor, to run for office for county constable. In May 2018, however, Romo alleges Montemayor told him he was receiving political pressure to stop Romo's campaign and advised him to decide whether to continue campaigning or remain employed as chief investigator. Romo did not cease his campaign. Approximately one month later, Montemayor informed Romo his employment was terminated.

Romo filed suit against the County and Montemayor, asserting claims for intentional infliction of emotional distress and wrongful discharge based on whistleblower retaliation and age discrimination. The County filed a plea to the jurisdiction seeking dismissal of all of Romo's claims on the basis that Romo failed to meet statutory prerequisites to filing suit. Before the trial court heard the plea to the jurisdiction, Romo amended his petition to assert additional claims against the County for promissory estoppel, breach of contract, and quantum meruit, as well as a fraud claim against Montemayor. The County supplemented its plea to the jurisdiction to state all the arguments and assertions contained in the original plea to the jurisdiction apply to Romo's contract claims as well.

After a hearing, the trial court signed an order partially granting the plea to the jurisdiction as to the following claims: "intentional infliction of emotional distress, whistleblower retaliation, [and] age discrimination under TCHRA[.]" The order further provides: "Any other pleaded cause(s) of action pending against Defendant Webb County are unaffected by this order."

Romo subsequently filed a "first supplement" to his amended original petition, in which he alleges the County and Montemayor deprived him of "his right of free speech," "his right of freedom of association," and "his right of free and due process speech" under the Texas Constitution. Romo pleaded for monetary damages and the equitable remedy of reinstatement. The County again supplemented its plea to the jurisdiction to state all the arguments and assertions contained in the original plea to the jurisdiction also apply to Romo's constitutional claims. The trial court then signed a "Supplemental Order Clarifying Denial of a Portion of Defendant Webb County, Texas' Plea to the Jurisdiction" stating the trial court considered the plea to the jurisdiction, as well as the first and second supplements to the plea to the jurisdiction. The supplemental order further states: "Defendant Webb County Texas' Plea to the Jurisdiction is DENIED as to Plaintiff's constitutional claims."

The County filed this accelerated appeal from the trial court's partial denial of the plea to the jurisdiction. Romo does not appeal the trial court's dismissal of his claims for intentional infliction of emotional distress and wrongful discharge.

## Standard of Review

We review the trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Where, as here, the plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally to determine whether the plaintiff has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Id*. If the pleadings do not affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded an opportunity to amend. *Id*. at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, the plea should be granted without permitting amendment. *Id*. at 227.

**Discussion**

In two issues, the County argues it is immune from Romo's remaining claims. We address both categories of Romo's remaining claims separately.

A.      **The constitutional claims**

In a "first supplement" to his amended petition, Romo alleges the County and Montemayor violated "his right of free speech," "his right of freedom of association," and "his right of free and due process speech" under the Texas Constitution by terminating him based on his exercise of those rights. The first supplement requests damages "for mental pain and anguish, loss o[f] earning, loss of earning capacity, front pay, benefits, and seniority—all in the past and future," as well as exemplary damages, attorney's fees, costs and interest, and an injunction requiring reinstatement of Romo's employment.

The Texas Constitution creates a private cause of action for monetary damages only if the specific provision at issue clearly permits it. *Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995)). For instance, the takings provision implies a private cause of action for damages by prohibiting takings "without adequate compensation." *Id.* (citing TEX. CONST. art. I, § 17). The free speech and free association provisions, however, only permit a private cause of action for equitable relief. *Id.* (citing TEX. CONST. art. I, §§ 8, 27, 29; *Bouillion*, 896 S.W.2d at 148–49). Therefore, to the extent Romo seeks monetary damages for the County's alleged violation of his free speech and association rights, his claims are barred by sovereign immunity. *See id.*

But unlike monetary damages, reinstatement of employment is an equitable remedy generally available to a plaintiff asserting a private cause of action for violation of his constitutional free speech and assembly rights. *City of Fort Worth v. Jacobs*, 382 S.W.3d 597, 599 (Tex. App.—Fort Worth 2012, pet. dism'd); *City of Seagoville v. Lytle*, 227 S.W.3d 401, 412 (Tex.

App.—Dallas 2007, no pet.); *Garcia v. Corpus Christi Civil Serv. Bd.*, No. 13-07-00585-CV, 2009 WL 2058892, at \*2–3 (Tex. App.—Corpus Christi July 16, 2009, no pet.) (mem. op.). "[T]he State has no power to commit acts contrary to the guarantees found in the Bill of Rights. . . . Thus, these constitutional provisions authorize suits against governmental entities—that is, constitute a waiver of immunity—when such suits seek equitable relief from allegedly void, unconstitutional governmental action." *Jacobs*, 382 S.W.3d at 600 (citing *Bouillion*, 896 S.W.2d at 147–49). Therefore, although Romo may not seek injunctive relief in the form of a money judgment for back pay and back benefits, he may seek the equitable remedy of reinstatement to his prior position and pay grade. *See id.*; *Lytle*, 227 S.W.3d at 412 ("[T]o the extent Lytle's request for an injunction seeks a money judgment for the unspecified, back benefits, that claim is barred by governmental immunity.").[2]

Because the County is immune from Romo's constitutional claims for monetary damages, we reverse the trial court's order denying the County's plea to the jurisdiction as it pertains to these claims and render judgment dismissing the claims with prejudice. *See Miranda*, 133 S.W.3d at 227 (not requiring leave to amend where pleadings demonstrate incurable defects in jurisdiction). We affirm the trial court's order as it pertains to Romo's request for the equitable remedy of reinstatement.

## B.     The contract claims

Before the trial court ruled on the County's plea to the jurisdiction, Romo amended his petition to assert claims against the County for promissory estoppel, breach of contract, and

---

[2] Relying on cases in which courts considered claims brought under the Uniform Declaratory Judgments Act (UDJA), *e.g.*, *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009), the County argues it is immune from Romo's claim for equitable relief because the UDJA does not waive a governmental entity's immunity unless the plaintiff seeks a declaration that a statute or ordinance is unconstitutional. However, *Heinrich* and its progeny are inapplicable here because Romo is asserting a constitutional claim, not a UDJA claim. *See Saifi v. City of Texas City*, No. 14-13-00815-CV, 2015 WL 1843540, at \*9 n.7 (Tex. App.—Houston [14th Dist.] Apr. 23, 2015, no pet.) (mem. op.) (recognizing distinction between constitutional claims for equitable relief and UDJA claims).

quantum meruit. Although the County supplemented its plea to the jurisdiction before the trial court ruled, the County raises new arguments for the first time on appeal. Specifically, the County argues it is immune from Romo's contract claims because the legislature has not expressly waived governmental immunity from these types of claims. Because governmental immunity deprives courts of subject-matter jurisdiction, we must consider immunity arguments raised for the first time on appeal even if they were not before the trial court when it ruled on the plea to the jurisdiction. *City of Floresville v. Starnes Inv. Grp., LLC*, 502 S.W.3d 859, 865 (Tex. App.—San Antonio 2016, no pet.) (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012)). Accordingly, we turn to the County's arguments on appeal.

Only the legislature can waive governmental immunity from suit for breach of contract, and it must do so clearly and unambiguously by statute or resolution. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–54, 858 (Tex. 2002). The legislature has done so only in limited circumstances not applicable here. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex. 2006).[3] Governmental entities are also immune from implied and quasi-contractual claims like promissory estoppel and quantum meruit absent a clear and unambiguous legislative waiver. *See City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 602 (Tex. App.—San Antonio 2012, pet. denied); *Somerset Indep. Sch. Dist. v. Casias*, No. 04-07-00829, 2008 WL 1805533, at *3 (Tex. App.—San Antonio Apr. 23, 2008, pet. denied) (mem. op.).

Here, Romo has not identified any statute or legislative resolution waiving the County's immunity from his breach of contract, quantum meruit, and promissory estoppel claims, and we

---

[3] *See also*, *e.g.*, TEX. LOC. GOV'T CODE ANN. §§ 262.007 (waiving immunity from breach of contract claims for "[a] county that is a party to a written contract for engineering, architectural, or construction services" or for related goods), 271.152 (waiving immunity from breach of contract claims for "local governmental entities," defined in section 271.151 as political subdivisions of the state other than counties).

are aware of none. Because the County is immune from these claims, we reverse the trial court's order denying the County's plea to the jurisdiction as it pertains to these claims and render judgment dismissing the contract claims with prejudice. *See Miranda*, 133 S.W.3d at 227.

## Conclusion

Because the County is immune from Romo's constitutional claims for monetary damages and his contract claims, we reverse the trial court's order denying the County's plea to the jurisdiction as it pertains to those claims and render judgment dismissing the claims with prejudice. We affirm the trial court's order in part as it pertains to Romo's request for the equitable remedy of reinstatement.

Sandee Bryan Marion, Chief Justice